### ULSTER & D. BLUESTONE CO. v. CARLIN et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

CONTRACTS—CONSTRUCTION—INTERPRETATION OF PARTIES.

    A material man offered to furnish to a contractor two classes of stone, distinguished by their average thickness. Each shipment of stone was billed to the contractor at a price depending on the average thickness of the shipment. The contractor made no objection to the billing, but paid considerable amounts on the stone received, and raised no objection as to the classification by the vendors till the stone was all delivered. *Held*, that a finding that the contract price for the stone was to be based on the average thickness of each shipment, and not on the average thickness of the entire amount delivered, was justified.

Appeal from judgment on report of referee.

Action by the Ulster & Delaware Bluestone Company against Thomas G. Carlin and others. From a judgment enforcing a mechanic's lien in favor of defendants James W. Lane and Frederick

B. Warner, composing the firm of J. W. Lane & Co., defendant Thomas G. Carlin appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry P. Burr, for appellant.

Francis C. Reed, for respondents.

WILLARD BARTLETT, J. At the outset of the trial before the referee in this action it was stipulated "that the sole question now remaining and to be litigated by consent of the defendants Lane and Warner and of the defendant Carlin is solely and only as to the amount of moneys due, if anything, for stone furnished by Lane and Warner to the defendant Carlin." The contract between the parties was based on a letter from J. W. Lane & Co. to Mr. Carlin, in which they offered to furnish two different classes of stone (distinguished by the average thickness) at seven and nine cents a foot, respectively. The contention of the appellant is that the price he was to pay was to be determined by the average thickness of the entire lot of stone delivered. The respondents contend, and the referee has substantially found, that the price was to be determined by the thickness of each separate lot as delivered to the vendee. This appears to have been the construction put upon the contract by Mr. Carlin himself, as well as by the respondents. The lots were billed to him some at nine cents per foot and some at seven, according to the average thickness of the stone in each. He made no objection to the bills in this form, but paid considerable amounts on account of them, and raised no question as to the correctness of the classification by the vendors until after he had received all the stone. Under these circumstances we think that the learned referee was quite justified in enforcing the practical interpretation of the contract which had been adopted by both parties to it. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.